IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs December 21, 2010

**STATE OF TENNESSEE v. DAVID SCHROEDER**

**Appeal from the Circuit Court for Rhea County**
**No. 17264      Thomas W. Graham, Judge**

_____

**No. E2010-01210-CCA-R3-CD - Filed January 13, 2011**

_____

The defendant, David Schroeder, pleaded guilty to one count of criminally exposing the victim to the human immunodeficiency virus ("HIV") in exchange for a three-year sentence with the manner of service of the sentence to be determined by the trial court. Finding the circumstances of the offense particularly reprehensible and the defendant's criminal record extensive, the trial court ordered a fully-incarcerative sentence. On appeal, the defendant challenges the denial of alternative sentencing. Discerning no error, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which JOSEPH M. TIPTON, P.J., and D. KELLY THOMAS, JR., J., joined.

Philip A. Condra, District Public Defender; and Jeffery Harmon and Mechelle Story, Assistant District Public Defenders, for the appellant, David Schroeder.

Robert E. Cooper, Jr., Attorney General and Reporter; Sophia S. Lee, Assistant Attorney General; J. Michael Taylor, District Attorney General; and James W. Pope, III, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On March 4, 2010, the defendant pleaded guilty to a single count of criminally exposing the victim, Homer "Sonny" Hayes, to HIV in exchange for a three-year sentence

with the manner of service of the sentence to be determined by the trial court.[1]  Pursuant to the plea agreement, the State dismissed a count charging the defendant with assault.  The facts of the case, as summarized by the State during the plea submission hearing, are as follows:

> [I]f the State went to trial in this case they'd be calling the victim, . . . Mr. Homer Sonny Hayes, who would testify that on July the 17th, 2009, he was an employee up at Rhea Medical Center.  That [the defendant] was brought there to the medical center on that date apparently some suicide threats had been made.  He was being evaluated.  At some point, . . . [the defendant] became agitated and Mr. Hayes tried to restrain him when he was getting out of hand, and [the defendant] did, in fact, bite him causing breakage of the skin.  [The defendant] knowing that he was HIV [positive] and since that time Mr. Hayes has [had] to undergo testing.

At the May 7, 2010 sentencing hearing, the defendant's father, Lewis Schroeder, testified that both he and the defendant's mother were gravely ill and needed the defendant to help care for them.  The defendant's mother, Lula Schroeder, testified that the defendant drove the couple to doctors' appointments, prepared meals, and did the shopping.

The defendant testified that he did not really remember biting the victim while at the hospital because of his injuries and the medication he was taking.  He stated that he became aware of his HIV positive status in 1997 and that, as a result of his illness, he must visit four different doctors an average of six times per month.  The defendant testified that he had good days and bad days; on good days he helped his parents by doing household chores, taking them to doctors' appointments, and handling their medication.  On bad days he relied on his life partner, Richard Goedeke, to assist them all.  The defendant stated that neither his father nor Mr. Goedeke could drive.

During cross-examination, the defendant testified that his father had suffered several strokes and that the strokes had led to memory loss.  He stated that his father's doctor had recommended that his father not be left alone.  The defendant admitted pleading guilty to introduction of contraband into a penal facility in 2006, for which he received nine

---

[1]As charged in this case, Tennessee Code Annotated section 39-13-109 provides: "A person commits the offense of criminal exposure of another to human immunodeficiency virus (HIV) when, knowing that the person is infected with HIV, the person knowingly . . . [e]ngages in intimate contact with another[.]").  T.C.A. § 39-13-109(a)(1) (2006).

months' incarceration followed by probation. He explained that the basis for the charge was his having two oxycontin pills in his pocket when he was taken into the jail on a probation violation from an earlier out-of-state conviction of lewd and lascivious contact with a 14-year-old boy. The defendant stated that he had served five years' probation for the lewd and lascivious contact conviction. He also admitted having a conviction for providing false information to a police officer. Upon further questioning, the defendant admitted a previous out-of-state conviction of grand theft based upon his stealing several calves.

Despite admitting a previous altercation with a police officer, the defendant denied having a bad temper. The defendant denied having any recollection of the assault on the victim, saying that he "really [didn't] know what that was about." The defendant said that his life partner could answer questions about the offense because he was present during the altercation.

The defendant's sister testified that although she was on probation, she had a driver's license, lived in her parents' home, and was available to help her parents.

At the conclusion of the sentencing hearing, the trial court emphasized the serious nature of the case, noting that the defendant was acutely aware that he had exposed the victim "to a very serious incurable condition" and that the victim continued to be "in a state of anxiety" until he could be conclusively diagnosed as HIV negative. The trial court also observed that the defendant had a history of criminal conduct. The trial court concluded that a fully-incarcerative sentence was warranted:

> I think that this is a case, given the record - - if he had no record at all and if there was something else that would stand for his conduct [that] might lessen the seriousness of the conduct, that would be one thing, but here is a significant record. There's also some showing of aggressiveness in this record, and he was aggressive the night of this event. He had apparently started the confrontation because he's the one that pushed first and did all these things that created - - so I think that confinement for the three-year sentence is appropriate and that's what I'm doing.

In this appeal, the defendant challenges the denial of alternative sentencing, arguing that the trial court failed to make the required statutory considerations before imposing a sentence of full confinement. The State asserts that the fully-incarcerative sentence is appropriate. We agree with the State.

When considering challenges to the length and manner of service of a sentence this court conducts a de novo review with a presumption that the determinations of the trial court are correct. T.C.A. § 40-35-401(d) (2006). This presumption, however, "is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991). The appealing party, in this case the defendant, bears the burden of establishing impropriety in the sentence. T.C.A. § 40-35-401, Sentencing Comm'n Comments; *see also Ashby*, 823 S.W.2d at 169. If our review of the sentence establishes that the trial court gave "due consideration and proper weight to the factors and principles which are relevant to sentencing under the Act, and that the trial court's findings of fact . . . are adequately supported in the record, then we may not disturb the sentence even if we would have preferred a different result." *State v. Fletcher*, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991). In the event the record fails to demonstrate the required consideration by the trial court, appellate review of the sentence is purely de novo. *Ashby*, 823 S.W.2d at 169.

In making its sentencing decision, the trial court must consider:

(1) The evidence, if any, received at the trial and the sentencing hearing;
(2) The presentence report;
(3) The principles of sentencing and arguments as to sentencing alternatives;
(4) The nature and characteristics of the criminal conduct involved;
(5) Evidence and information offered by the parties on the mitigating and enhancement factors set out in §§ 40-35-113 and 40-35-114;
(6) Any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; and
(7) Any statement the defendant wishes to make in the defendant's own behalf about sentencing.

T.C.A. § 40-35-210(b). The trial court should also consider "[t]he potential or lack of potential for the rehabilitation or treatment of the defendant . . . in determining the sentence alternative or length of a term to be imposed." *Id.* § 40-35-103(5).

As the recipient of a sentence of ten years or less, the defendant was eligible for probation. *See* T.C.A. § 40-35-303(a). He bore the burden, however, of establishing his "suitability for full probation." *State v. Mounger*, 7 S.W.3d 70, 78 (Tenn. Crim. App. 1999);

*see* T.C.A. § 40-35-303(b). Among the factors applicable to probation consideration are the circumstances of the offense; the defendant's criminal record, social history, and present condition; the deterrent effect upon the defendant; and the best interests of the defendant and the public. *State v. Grear*, 568 S.W.2d 285, 286 (Tenn. 1978).

We review the manner of service of the sentence in this case without a presumption of correctness due to the lack of any trial court reference to the principles and factors of sentencing. Nevertheless, the record supports the denial of alternative sentencing.

The presentence report established that the 44-year-old defendant had previous felony convictions of introduction of contraband into a penal facility, lewd and lascivious contact with a child, and providing false information to a police officer. The defendant admitted during the sentencing hearing that he incurred his conviction of introducing contraband into a penal facility when he was arrested for violating his probation. He also acknowledged a previous conviction of grand theft. The defendant, who was ill with full-blown acquired immunodeficiency syndrome ("AIDS"), tried to downplay his guilt at the sentencing hearing, claiming that he had no recollection of the offense. Despite being sentenced to incarceration on at least one previous occasion, the defendant continued to reoffend. The defendant's criminal history and his previous probation violation support the order of incarceration in this case. *See* T.C.A. § 40-35-103(1)(A), (C).

Accordingly, the judgment of the trial court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE